ENTERED ON DOCKET
MAR 02 2006

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HOME EQUITY | ) | |
| LOAN PRODUCTS, INC. | ) | Case No. 06-60429-MHM |
| | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER DISMISSING CHAPTER 7 BANKRUPTCY CASE

This matter is before the Court on the Motion By William F. Perkins ("Perkins") to Dismiss Bankruptcy Case and/or For Abstention. A Brief in Opposition to Perkins' Motion was filed by the Debtor, Home Equity Loan Products, Inc. ("Debtor"). A Response in Support of Perkins' Motion was filed by Joseph P. Armenia, Keith J. Armenia and Gary Milkwick ("Minority Shareholders"), creditors and minority shareholders of Debtor. Hearings were held on Perkins' Motion on February 14, 2006 and February 21, 2006. The record and evidence presented at trial reveals the following facts.

The Minority Shareholders own 40 percent of the stock of Debtor. On December 20, 2005, the Minority Shareholders filed a lawsuit in the Superior Court of Cobb County, Georgia (Civil Action File No. 05-1-10245-42) against

several of Debtor's present and former officers and directors, including David Huffman ("Huffman") and Dream Avenue Mortgage Company, a corporation controlled by Huffman. The state law causes of action asserted by the Minority Shareholders, both directly and derivatively on behalf of Debtor, include breach of fiduciary duty, fraud, conversion, fraudulent conveyance, breach of contract and violations of the Georgia RICO Act.

Contemporaneous with the filing of their Verified Complaint, the Minority Shareholders filed a Motion for Appointment of a Receiver and for a Temporary Restraining Order. A hearing on this TRO Motion was held in Cobb County Superior Court on January 6, 2006, and the Superior Court appointed Perkins as receiver of both Debtor and Dream Avenue.

On January 13, 2006, Huffman filed a *pro se* Chapter 7 Petition in this Court on behalf of Debtor. The Petition was filed without schedules or the appropriate authorization from the Debtor's Board of Directors. Six creditors were listed, only two of which are not insiders of the Debtor.

On January 31, 2006, Perkins filed his Motion, requesting that the Court dismiss the case and/or abstain pursuant to 11 U.S.C. §305. On the same date, Huffman filed a *pro se* Motion to Dismiss the case.

2

A hearing on the Motions to Dismiss was scheduled for February 14, 2006. On the same date, just prior to the hearing, Huffman filed a Withdrawal of his Motion to Dismiss, and Debtor filed a Brief in Opposition to Perkins' Motion. Based upon the opposition to the previously unopposed Motions to Dismiss, and Debtor's counsel's representations that the deficiencies in the Petition would be cured, the Court continued the hearing until February 21, 2006.

Debtor, Perkins and the Minority Shareholders were represented by counsel at the February 21 hearing. Martha Miller, the Chapter 7 Trustee, also appeared. The records reflects that just prior to the hearing, Debtor filed a document entitled "Board of Directors Resolution" purportedly executed by Huffman on January 12, 2006, and the attorney for Ronald Baker, Secretary for Debtor on February 16, 2006. Debtor had not filed any schedules at the time of the hearing.

The Trustee reported to the Court that she had investigated the affairs of Debtor, and it was her opinion that there would be minimal or no assets available for distribution to Debtor's creditors. The physical assets of Debtor are [~~were~~] subject to a security interest in favor of its largest non-insider creditor, Wachovia Bank. Wachovia, in turn, is apparently seeking payment of its debt from the individuals who had guaranteed the debt.

3

The Court heard testimony from Gary Milkwick, one of the Minority Shareholders and a former director of Debtor. Milkwick testified that Article Three Section Two of the By-laws of Debtor require five directors. Article Seven of the By-laws provide that the By-laws could only be amended by a two-thirds majority vote of the shareholders. Milkwick testified that no shareholder's meeting had been properly convened to amend the By-laws or elect new directors since October 22, 2004. The documents entered into evidence substantiate Mr. Milkwick's testimony. Debtor did not present witnesses or evidence in support of the validity of the Board of Directors Resolution, or in contradiction to Milkwick's testimony. Therefore, the undisputed evidence shows that the Chapter 7 Petition was filed without the appropriate Board authorization.

**Based upon the evidence presented at the hearing and the argument of counsel, the Court makes the following findings of fact and conclusions of law**:

1. Debtor's *pro se* Chapter 7 Petition was filed without the required authority from the Debtor's Board of Directors. Debtor has also failed to file its schedules within the time required by the Bankruptcy Rules or to timely request an extension of time in which to file the schedules.

4

2.\tThere are minimal assets to administer in Bankruptcy, and the creditors of Debtor would not receive a significant benefit from the administration of the estate.

3.\tThe filing of the Debtor's Petition is a continuation of the dispute between the Minority Shareholders and other insiders of Debtor.  While the pending Cobb County Superior Court action would be stayed insofar as it involves claims against    Debtor, and claims that would be property of Debtor's Estate would be pursued by the Trustee, the Minority Shareholders' direct claims against the non-debtor Defendants would proceed in Cobb County Superior Court.  *See In re All American of Ashburn, Inc.*, 805 F.2d 1515, 1518 (11th Cir. 1986).  Litigating similar causes of action based upon the same operative facts in both this Court and Superior Court would be a waste of judicial resources and not in the best interests of Debtor's non-insider creditors.

4.\tDebtor is insolvent and has not operated an ongoing business for several months.  The only meaningful, unencumbered assets identified by the parties are the causes of action asserted in the Superior Court lawsuit on behalf of Debtor, and the majority of the identified creditors are insiders and parties to the Superior Court litigation. The administration of an estate in Bankruptcy is inappropriate for this Debtor and a waste of the Court's and Trustee's resources.

5

5. Dismissal of Debtor's Chapter 7 Bankruptcy case is appropriate based upon the defects in the original Petition, and Debtor's failure to timely cure the defects.

6. Dismissal of the case is also appropriate under 11 U.S.C. §305(a)(1), as the interests of Debtor and creditors would be better served if the pending receivership and disputes proceed in the Superior Court of Cobb County, Georgia.

Based upon the above-stated findings of fact, it is hereby

**ORDERED** that this Chapter 7 case is **DISMISSED**.

IT IS SO ORDERED this the 1st day of March, 2006.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE


Draft prepared and presented by
Jeffrey D. Horst
Georgia Bar No. 367834
Krevolin & Horst, LLC
100 Colony Square, Suite 2150
1175 Peachtree Street, NE
Atlanta, GA  30361
(404) 888-9700
(404) 888-9577

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the within and foregoing Proposed Order Dismissing Chapter 7 Bankruptcy Case by facsimile and by depositing the same in the U.S. Mail, in properly addressed envelopes with adequate postage affixed thereon to insure delivery to:

Neil Lovett Wilkinson, Esq.
Paul Troy Wright, Esq.
Wilkinson & Wright, LLC
Suite B
1720 Mount Vernon Road
Atlanta, GA 30338
Fax : (770) 730-0873

R. Kyle Woods, Esq.
Suite 960
300 Galleria Parkway
Atlanta, GA 30339
Fax: (770) 955-6654

Martha A. Miller, Esq.
Martha A. Miller, PC
229 Peachtree Street, NE
Suite 2415
Atlanta, GA 30303
Fax: (404) 607-9068

John T. Vian, Esq.
Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309-3592
Fax: (404) 685-6843

Guy Gephart, Esq.,
Assistant U.S. Trustee
Suite 362, Russell Federal Courthouse
75 Spring Street SW
Atlanta, GA 30303

This 28th day of February, 2006.

_____
Jeffrey D. Horst
Georgia Bar No. 367834
Krevolin & Horst, LLC
100 Colony Square, Suite 2150
1175 Peachtree Street, N.E.
Atlanta, Georgia 30361
(404) 888-9700
(404) 888-9577